UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CARL DIAZ,

                Plaintiff,

-against-

LOCAL 338 OF THE RETAIL, WHOLESALE
DEPARTMENT STORE UNION, UNITED
FOOD AND COMMERCIAL WORKERS,

                Defendant.
----------------------------------------------------------X

**ORDER**
13-CV-7187 (SJF)(SIL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 03 2014   ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Pending before the Court are objections by defendant Local 338 of the Retail, Wholesale Department Store Union, United Food and Commercial Workers ("defendant") to so much of an order of the Honorable Steven I. Locke, United States Magistrate Judge, dated August 21, 2014, as: (1) granted the branches of the motion of plaintiff Carl Diaz ("plaintiff") seeking to compel defendant to produce (a) discovery concerning his national origin/ethnicity discrimination claims, (b) "the personnel files for the 21 individuals referenced in defendant's papers, subject to a confidentiality order * * *[,]" (Order at 5), and (c) "the personnel files of John DiMartino, Elena Dundon, John Durso, and Murray Morrisey, four individuals whom [plaintiff] claims were directly involved in the decision to fire him[,]" (id.); and (2) denied defendant's (a) application for a stay of discovery, and (b) request to limit review of the personnel files to "attorneys' eyes only[,]" (id.). For the reasons stated herein, defendant's objections are overruled.

1

I. DISCUSSION

A. Standard of Review

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(a). Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a). A party may not assign as error any defect in a magistrate judge's order to which he or she has not timely objected. Fed. R. Civ. P. 72(a).

B. Objections

Defendant contends, *inter alia*: (1) that in denying its request for a stay of discovery pertaining to plaintiff's national origin/ethnicity discrimination claims, Magistrate Judge Locke (a) "ignore[d] case law favoring a stay of discovery where a wholly dispositive motion is pending[,]" (Obj. at 2), and (b) "disregarded" or did "not sufficiently consider[]" "additional factors favoring imposition of a stay[,]" (Obj. at 3), i.e., the breadth of discovery, the burden of responding to the discovery sought and the risk of unfair prejudice to the party opposing the stay; (2) that Magistrate Judge Locke's denial of its request to limit the review of personnel files to "attorney's eyes only" is "contrary to law" because such limitations are "routinely applied to records of this type[,]" which "contain highly personal and confidential documents * * *[,]" (Obj. at 4); and (3) that Magistrate Judge Locke erred in compelling it to produce the personnel files of

2

four (4) of its executive officers because those files are "not reasonably calculated to lead to the discovery of admissible evidence in this matter, [and] the costs of disclosure outweigh any benefit to Plaintiff[,]" (Obj. at 5).

As set forth below, none of the branches of Magistrate Judge Locke's order to which defendant objects are clearly erroneous or contrary to law.

1. Stay of Discovery

Defendant has not shown good cause for staying discovery during pendency of its motion to dismiss. See Chesney v. Valley Stream Union Free Sch. Dist., 236 F.R.D. 113, 115 (E.D.N.Y. 2006) ("Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.'"); Spencer Trask Software and Information Services, LLC v. RPost International Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery 'for good cause shown.'") "[T]he mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay[,]" Chesney, 236 F.R.D. at 115; see also Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act."); Spencer Trask, 206 F.R.D. at 368 ("[W]hile discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic." (quotations and citation omitted)), and defendant has not "made a strong showing that the plaintiff's [national origin/ethnicity discrimination] claim[s] [are] unmeritorious," Chesney, 236 F.R.D. at 115; see also Hong Leong, 297 F.R.D. at 72 ("[A] motion for a stay [must] be supported by substantial arguments for

3

dismissal , * * * or–in what we view as an equivalent formulation–that there has been a strong showing that the plaintiff's claim is unmeritorious." (quotations and citation omitted)), particularly since, *inter alia,* Magistrate Judge Locke has recommended that the branch of defendant's motion to dismiss seeking dismissal of those claims be denied. See Spencer Trask, 206 F.R.D. at 368 ("[A] court should * * * consider the strength of the dispositive motion that is the basis of the discovery stay application.") Moreover, defendant's conclusory allegations: (1) that plaintiff's requests are "unduly overbroad" and seek "such a large quantity of documents * * *, production of which will be time-consuming and burdensome * * *[,]" (Obj. at 3); and (2) that it will "suffer injury from the unnecessary release of large swaths of information" should the national origin/ethnicity claims be dismissed, (id.), are insufficient to establish good cause for staying discovery in this case. See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("Where a party objects to a discovery request, the objecting party bears the burden of demonstrating specifically * * * how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. * * * General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." (quotations, brackets and citations omitted)); Barella v. Village of Freeport, 296 F.R.D. 102, 105 (E.D.N.Y. 2013) ("The party objecting to the discovery demands must, with some degree of specificity, illustrate the nature and extent of the burden of production."); Chesney, 236 F.R.D. at 115 ("[G]ood cause requires a showing of facts militating in favor of the stay." (quotations and citation omitted)).

2. Personnel Files

Defendant has also not shown, *inter alia*: (1) good cause for limiting the production of the personnel files at issue to "attorneys' eyes only" or for prohibiting the disclosure of the personnel files of the four (4) "executive officers," see Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010) ("The party seeking a protective order bears the burden of establishing that good cause for the order exists."), or (2) that "based on the balance of interests the [personnel files] should not be disclosed," Collens v. City of New York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004), or should be limited to "attorneys' eyes only." See Duling, 266 F.R.D. at 71 ("Although the burden is on the movant to establish good cause for the entry of a protective order, the court ultimately weighs the interests of both sides in fashioning an order.")

Although "[a]n employer has an interest in maintaining the confidentiality of employee personnel files[,]" Barella, 296 F.R.D. at 106; see also McDonnell v. First Unum Life Ins. Co., No. 10 cv 8140, 2012 WL 13933, at * 2 (S.D.N.Y. Jan. 4, 2012) (accord), balancing against that interest is "the interest of a disparate treatment plaintiff in gathering statistical evidence [or other evidence of discrimination]." Duck v. Port Jefferson Sch. Dist., No. CV07-2224, 2008 WL 2079916, at * 4 (E.D.N.Y. May 14, 2008); see also Wright-Jackson v. HIP Health Plan, No. 07 Civ. 1819, 2009 WL 1024244, at * 6 (S.D.N.Y. Apr. 15, 2009) ("Regarding personnel records of third parties, courts have been careful to balance the privacy interests of the non-party employee against the party's need for information.") Thus, "personnel files of comparable employees are discoverable in an employment discrimination lawsuit, * * * subject to a protective order." Dzanis v. JPMorgan Chase & Co., No. 10 Civ. 3384, 2011 WL 5979650, at * 2 (S.D.N.Y. Nov. 30, 2011); see also Barella, 296 F.R.D. at 106 ("[T]here is no rigid rule prohibiting discovery of employee personnel files. * * * Indeed, in most cases, a protective order can appropriately

5

remedy privacy concerns arising from discovery of personnel records." (quotations and citations omitted)); Duling, 266 F.R.D. at 72-73 ("[C]ourts have generally characterized personnel files as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential for harm or embarrassment if the information they contain is revealed.") In addition, personnel files of individuals alleged to have engaged in the purported discrimination, or to have "played a significant role in the decision or incident that gives rise to the lawsuit[,]" Dzanis, 2011 WL 5979650, at * 4, such as the four (4) "executive officers" at issue in this case, are discoverable, subject to an appropriate protective order. See, e.g. id.; cf. Vitale v. GST BOCES, No. 12-cv-6694, 2014 WL 3385212, at * 3 (W.D.N.Y. July 9, 2014) (finding that the plaintiff's request for the personnel files of two (2) supervisory employees who were not shown to have engaged in the discrimination at issue, or to have played a significant role in the decision or incident giving rise to the lawsuit, was inappropriate).

Defendant has not demonstrated, *inter alia*, a "particular need" for an "attorneys' eyes only" limitation on the disclosure of the personnel files as issue, Duling, 266 F.R.D. at 71 ("Good cause is established by demonstrating a particular need for protection." (quotations and citation omitted), i.e., that the confidentiality order to which the personnel files will be subject pursuant to Magistrate Judge Locke's order will not adequately protect the privacy interests of its employees. See, e.g. Barella, 296 F.R.D. at 106 (permitting disclosure of employees' personnel files under protective order that permitted the employer to redact the personal information of those employees and directed that the files be sealed and that the plaintiff not show them to any other person or entity); Duling, 266 F.R.D. at 77 (finding that "the conflicting interests are appropriately balanced * * * by a protective order that: (1) permits designation of the complete contents of the personnel files as confidential; [and] (2) provides that the personnel files may be

disclosed to the Court, counsel and their employees and parties in th[e] action * * *.")
Defendant's conclusory contention that disclosure of the personnel files at issue must be limited to "'attorney's eyes only' in order to protect the privacy interests of the nonparties[,]" (Obj. at 4), and its unsubstantiated allegation that it "has a duty to prevent unnecessary disclosure of personal information" because plaintiff "uttered words that were deemed to be threats to * * * Elena Dundon, and her family[,]" (id.), are insufficient to warrant an "attorneys' eyes only" limitation, especially since any potential injury to Ms. Dundon can be remedied by redacting any identifying information, e.g., address, telephone number, social security number, etc., from her file. Accordingly, defendant's objections are overruled.

## II. CONCLUSION

Upon consideration of defendant's objections and plaintiff's response thereto, and reconsideration of Magistrate Judge Locke's order, defendant's objections are overruled. The time within which the parties must "meet and confer * * * and * * * submit a confidentiality order for [Magistrate Judge Locke's] review[,]" (Report at 5-6), in accordance with Magistrate Judge Locke's order is extended to **September 8, 2014**. Any request for an extension of that time shall be made directly to Magistrate Judge Locke.

SO ORDERED.

s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 3, 2014
Central Islip, New York

7