UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARL DIAZ,

                  Plaintiff,

     -against-

LOCAL 338 OF THE RETAIL, WHOLESALE,
DEPARTMENT STORE UNION, UNITED
FOOD AND COMMERCIAL WORKERS,

                  Defendant.
-----------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    OCT 2 8 2014    ★

LONG ISLAND OFFICE

**ORDER**
13-CV-7187 (SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court are objections by defendant Local 338 of the Retail, Wholesale,

Department Store Union, United Food and Commercial Workers ("defendant") to so much of a

Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge,

dated August 20, 2014 ("the Report"), as (1) granted the motion of plaintiff Carl Diaz

("plaintiff") for leave to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of

Civil Procedure; and (2) denied the branches of its motion seeking dismissal of plaintiff's claims

alleging discrimination based upon national origin and ethnicity under Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, the New York State Human Rights Law

("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law,

N.Y.C. Admin. Code §§ 8-101, *et seq.*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure. For the reasons stated herein, defendant's objections are overruled and the Report is

accepted in its entirety.

1

I.    DISCUSSION

    A.    Standard of Review

        1.    Nondispositive Matters

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear

and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein.

Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial

matter within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(a).

Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate

judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of

the order that "is clearly erroneous or contrary to law."  Id.; see also Fed. R. Civ. P. 72(a).  A

party may not assign as error any defect in a magistrate judge's order to which he or she has not

timely objected.  Fed. R. Civ. P. 72(a).

Generally, unless a magistrate judge's decision on a motion to amend effectively

dismisses a claim, thus, rendering it dispositive, see, e.g. Jean-Laurent v. Wilkerson, 461 F.

App'x 18, 25 (2d Cir. Feb. 8, 2012), motions for leave to amend are nondispositive and subject

to review under the "clearly erroneous or contrary to law" standard of Rule 72(a) of the Federal

Rules of Civil Procedure.  See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("As a

matter of case management, a district judge may refer nondispostivie motions, such as a motion

to amend the complaint, to a magistrate judge for decision without the parties' consent.")


        2.    Dispositive Matters

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct

proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")

General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); see also Phillips v. Reed Group, Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (accord); Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation

3

omitted)). To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Libbey v. Village of Atlantic Beach, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)); 7-Eleven, Inc. v. Khan, 977 F. Supp. 2d 214, 219 (E.D.N.Y. 2013) (accord).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc, 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc, 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B.     Objections

Defendant contends that Magistrate Judge Locke erred (1) in granting plaintiff's motion for leave to amend the complaint; and (2) in relying upon the allegations in the amended complaint to deny its motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## 1. Leave to Amend

Defendant contends that plaintiff's motion for leave to amend the complaint should have been denied on the grounds of undue delay, prejudice and futility of the amendments.

Upon review of defendant's objections, plaintiff's response thereto, the pleadings and all motion papers, and upon reconsideration of so much of the Report as granted plaintiff's motion for leave to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, I find that so much of the Report as granted plaintiff's motion for leave to amend the complaint is not clearly erroneous or contrary to law. Plaintiff filed his motion for leave to amend the complaint within the time prescribed by the Scheduling Order issued by the Honorable William D. Wall, former United States Magistrate Judge, on May 27, 2014, (Docket Entry No. 13); defendant will not be unduly prejudiced by the amendments, insofar as, *inter alia*, the amendments merely expand upon the causes of action asserted in the original complaint and, thus, do not require defendant to expend significant additional resources to conduct discovery or prepare for trial, or significantly delay the resolution of this action; and the proposed amendments are not futile since, as set forth below, they withstand dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, defendant's objections to so much of the Report as granted plaintiff's motion for leave to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure are overruled and so much of the Report as granted plaintiff's motion for leave to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure is accepted in its entirety.

## 2.    Denial of Motion to Dismiss

Once plaintiff's motion for leave to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure was granted, the amended complaint superseded the original complaint. See Pacific Bell Tel. Co. v. Linkline Commc'ns, Inc., 555 U.S. 438, 456 n. 4, 129 S. Ct. 1109, 172 L. Ed. 2d 836 (2009) ("Normally, an amended complaint supersedes the original complaint."); Dluhos v. Floating and Abandoned Vessel, Known as New York, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supercedes the original, and renders it of no legal effect." (quotations and citations omitted)). Thus, Magistrate Judge Locke could have simply denied defendant's motion to dismiss the original complaint as moot. Instead, Magistrate Judge Locke looked to the allegations of the amended complaint, the only operative complaint in this action once he granted plaintiff's motion for leave to amend the complaint, to ascertain whether plaintiff stated a plausible claim of discrimination based upon ethnicity and national origin under Title VII, the NYSHRL and the NYCHRL, and it was not error for him to do so, particularly since defendant opposed plaintiff's motion for leave to amend on the grounds of futility. (Docket Entry No. 16).

Defendant contends that the allegations in the amended complaint "do not overcome the deficiency in Plaintiff's pleadings," (Objections at 11), because, *inter alia*, the alleged discriminatory comments do not have "any connection to his termination[,]" (id.), and there is "no factual basis for the statistics [plaintiff] asserts[,]" (id. at 14).

Upon *de novo* review of the Report, the operative pleadings, all motion papers, defendant's objections and plaintiff's response thereto, so much of Magistrate Judge Locke's Report as denied the branch of defendant's motion seeking dismissal of plaintiff's Title VII,

NYSHRL and NYCHRL claims of discrimination based upon ethnicity and national original pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is accepted in its entirety.

## II.    CONCLUSION

For the reasons set forth herein and in Magistrate Judge Locke's Report, defendant's objections are overruled; the Report is accepted in its entirety; and the branch of defendant's motion seeking dismissal of plaintiff's Title VII, NYSHRL and NYCHRL claims of discrimination based upon ethnicity and national origin pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated:  October 28, 2014
        Central Islip, New York

7