UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARL DIAZ,

                Plaintiff,

    -against-

LOCAL 338 OF THE RETAIL, WHOLESALE,
DEPARTMENT STORE UNION, UNITED
FOOD AND COMMERCIAL WORKERS,

              Defendant.
-----------------------------------------------------------X

**FILED**
**CLERK**

7/2/2015 4:00 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
13-CV-7187 (SJF)(SIL)

FEUERSTEIN, District Judge:

      Pending before the Court is a Report and Recommendation of the Honorable Steven I.

Locke, United States Magistrate Judge, dated May 15, 2015 ("the Report"), recommending that

the motion of plaintiff Carl Diaz ("plaintiff") seeking sanctions pursuant to Rules 26 and 37 of

the Federal Rules of Civil Procedure and the Court's inherent power for alleged discovery abuses

by defendant Local 338 of the Retail, Wholesale, Department Store Union, United Food and

Commercial Workers ("defendant"), and defendant's cross motion for attorney's fees be denied.

A copy of the Report was served upon the attorneys of record for the parties via ECF on May 15,

2015.  (Docket Entry 78).  Neither party has filed any objection to the Report, nor sought an

extension of time to do so.  For the reasons stated herein and in the Report, Magistrate Judge

Locke's Report is accepted in its entirety and the motion and cross motion are denied.


I.      DISCUSSION

    A.      Standard of Review

    Any party may serve and file written objections to a report and recommendation of a

magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a

timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3). The court, however, is not required to review the factual findings or legal conclusions

of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474

U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Specifically, where, as here, the parties

"received clear notice of the consequences of the failure to object" to a report and

recommendation, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation

omitted), their "failure to object timely to [that] report waives any further judicial review of the

report." Id.; see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v.

Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a

nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of

justice.'" King v. City of N.Y., Dep't of Corrections, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011)

(quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000).

"Such discretion is exercised based on, among other factors, whether the defaulted argument has

substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling

against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d

162, 174 (2d Cir. 2000); accord King, 419 F. App'x at 27.


B.      Review of Report

Although the Report provided the parties with the requisite "express warning" of the

consequences of a failure to timely file objections thereto, <u>Caidor</u>, 517 F.3d at 603, neither party has filed any objections to Magistrate Judge Locke's Report, nor sought an extension of time to do so. Accordingly, the parties have "waive[d] any further judicial review of the findings contained in the [R]eport." <u>Spence</u>, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion for sanctions and defendant's cross motion for attorney's fees are denied in their entirety.

III.     Conclusion

For the reasons set forth herein, Magistrate Judge Locke's Report is accepted in its entirety, and, for the reasons set forth therein, plaintiff's motion for sanctions and defendant's cross motion for attorney's fees are denied.

SO ORDERED.

                                                            /s/
                                          _____
                                          SANDRA J. FEUERSTEIN
                                          United States District Judge

Dated: July 2, 2015
          Central Islip, New York