FILED
CLERK
7/2/2015 4:04 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CARL DIAZ,

Plaintiff,

-against-

LOCAL 338 OF THE RETAIL, WHOLESALE, DEPARTMENT STORE UNION, UNITED FOOD AND COMMERCIAL WORKERS,

Defendant.
---------------------------------------------------------X

**ORDER**
13-CV-7187 (SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court is a Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated May 15, 2015 ("the Report"), recommending (1) that the motion of defendant Local 338 of the Retail, Wholesale, Department Store Union, United Food and Commercial Workers ("defendant") seeking summary judgment dismissing plaintiff's amended complaint in its entirety pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted; and (2) that the motion of plaintiff Carl Diaz ("plaintiff") seeking partial summary judgment on his claim for retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, be denied. A copy of the Report was served upon the attorneys of record for the parties via ECF on May 15, 2015. (Docket Entry 77). Although plaintiff initially sought, and was granted, a one (1)-week extension of time to file objections to the Report, neither party filed any objection to the Report, nor sought an additional extension of time to do so. For the reasons stated herein and in the Report, Magistrate Judge Locke's Report is accepted in its entirety, defendant's motion for summary judgment is granted and plaintiff's motion for partial summary judgment is denied.

I.  DISCUSSION

   A.  Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Specifically, where, as here, the parties "received clear notice of the consequences of the failure to object" to a report and recommendation, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted), their "failure to object timely to [that] report waives any further judicial review of the report." Id.; see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of N.Y., Dep't of Corrections, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); accord King, 419 F. App'x at 27.

B. Review of Report

The Report provided the parties with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, and although plaintiff initially sought, and was granted, an extension of time to file objections to the Report, neither party filed any objections to Magistrate Judge Locke's Report, nor sought an additional extension of time to do so.  Accordingly, the parties have "waive[d] any further judicial review of the findings contained in the [R]eport."  Spence, 219 F.3d at 174.  Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice.  Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted; the amended complaint is dismissed in its entirety with prejudice; and plaintiff's motion for partial summary judgment on his FMLA retaliation claim pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied.

III. Conclusion

For the reasons set forth herein, Magistrate Judge Locke's Report is accepted in its entirety, and, for the reasons set forth therein, defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted; the amended complaint is

dismissed in its entirety with prejudice; and plaintiff's motion for partial summary judgment on his FMLA retaliation claim pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied. The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 2, 2015
Central Islip, New York